IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Franklin R. Allsbrook,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>Marcus Reynolds, *Director of the*  )<br>*J. Reuben Long Detention Center*,  )<br>)<br>Respondent.  )<br>_____ ) | Civil Action No. 9:24-cv-6283-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Petitioner Franklin R. Allsbrook's ("Petitioner") pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On December 18, 2024, the Magistrate Judge issued a proper form order giving Petitioner time to bring his case into proper form, and Petitioner did so. (ECF Nos. 3, 6.)

On January 29, 2025, after reviewing the materials submitted by Petitioner, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this matter without prejudice and without requiring Respondent to file a return. (ECF No. 8.) Specifically, the Magistrate Judge explained that: Petitioner's claims for habeas corpus relief arising from his pretrial detention are moot based on Petitioner's guilty plea; furthermore, even if Petitioner is still a pretrial detainee with pending charges, his petition is subject to dismissal on the basis of abstention grounds; and, to the extent Petitioner challenges his convictions, his claims should be dismissed for failure to exhaust state remedies.

Attached to the Magistrate Judge's Report was a notice advising Petitioner of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 8), and the Court dismisses this action without prejudice and without requiring Respondent to file a return.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 27, 2025
Charleston, South Carolina